IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00880-KLM

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacities as former CCCF investigator,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Inquiry for Permission to File an Amended 42 U.S.C. § 1983** [#36][1] (the "Motion").[2] Defendant filed a Response to Plaintiff's Motion [#41] on September 19, 2014. Plaintiff has not filed a Reply. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** the Motion [#36].

### I. Background

The Scheduling Order [#34] governing this case provides that the deadline for joinder of parties and amendment of pleadings was September 15, 2014. Plaintiff filed the Motion pursuant to Fed. R. Civ. P. 15(a)(2) on September 3, 2014. *Scheduling Order* [#34] at 2. Accordingly, Plaintiff's Motion was timely filed.

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] This case was assigned to the undersigned on April 25, 2014, for all purposes pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c). [#13].

In the Complaint [#1], Plaintiff alleges, among other things, that Defendant violated his due process rights by failing to restore Plaintiff to his job at the law library at Crowley County Correctional Facility ("CCCF") after Plaintiff was released from segregation. *See generally Compl.* [#1]. In his Motion, Plaintiff seeks to join three new defendants to the lawsuit: Rodger Wilson, in his individual and official capacities as former Assistant Warden for CCCF; Marty Fleischacker, in his individual and official capacities as former Programs Director for CCCF; and the Colorado Department of Corrections ("CDOC") as supervisor over the employees of CCCF (collectively, the "proposed defendants"). *See Plaintiff's proposed Amended Prisoner Complaint* ("Amended Complaint") [#36-1] at 1-2. Plaintiff alleges that the proposed defendants, in addition to Defendant Palomino, whom Plaintiff names in his Complaint [#1], violated Plaintiff's due process rights by failing to restore Plaintiff to his prison job at the CCCF law library. *See Am. Compl.* [#36-1] at 17-19. In requesting to join the proposed defendants, Plaintiff also seeks to add facts to his Complaint [#1] that, in part, describe the proposed defendants' involvement in the alleged due process violation. *Id.* Finally, Plaintiff requests the following relief: (1) a declaration that Defendant's and the proposed defendants' acts and omissions violated Plaintiff's rights; (2) nominal damages in the amount of $1.00 against Defendant and each proposed defendant and punitive damages in the amount of $100,000; and (3) a declaration ordering the United States Marshals Service to serve Defendant and each proposed defendant with a copy of the summons and Amended Complaint. *Am. Compl.* [#36-1] at 28.

In the Response, Defendant argues that Plaintiff's Motion is futile because it would not survive a motion to dismiss. *Response* [#41] at 3. First, he argues that CDOC Administrative Regulation ("A.R.") 150-01 § IV.E.3.t.2—which Plaintiff cites in his Amended

Complaint—does not apply. *Id.* at 2. In relevant part, the regulation states:

> When an offender is found not guilty or a conviction is reversed on an appeal, the DOC will attempt to restore the offender to the greatest extent practicable all programs, privileges, and assignments lost during any period where such were suspended or removed as a result of the charges against him. In the event that a particular program, privilege, or assignment is no longer available, the offender's case manager may obtain for the offender the first available equivalent which opens for which the offender is qualified, when feasible.

A.R. 150-01 § IV.E.3.t.2 (2014). Defendant avers that the regulation does not apply because Plaintiff was not initially charged with a Code of Penal Discipline ("COPD") violation. *Response* [#41] at 2. In addition, Defendant argues that even if the regulation were applicable, the regulation does not guarantee an inmate's return to his previous job, but rather only that his assignments will be restored to the greatest extent practicable. *Id.*

Defendant also argues that even if the proposed defendants violated the regulation, the Motion would nevertheless be futile because "the violation of administrative regulations does not in and of itself state a claim for a due process violation." *Id.* at 3. Defendant maintains that CDOC inmates do not have "a constitutionally protected right to any particular job" and that "the failure to provide a particular job" does not constitute a violation of Plaintiff's due process rights. *Id.* Defendant argues that Plaintiff's proposed addition of Rodger Wilson and Marty Fleischacker as defendants would therefore be subject to dismissal, and consequently the Motion should be denied as futile.

Finally, Defendant argues that adding CDOC as a defendant would also be futile for several reasons: first, for the same reason as noted above, i.e., that the violation of an administrative regulation does not in and of itself state a claim for a due process violation; second, because CDOC is a state agency that cannot be sued for damages in federal court

without its consent pursuant to the immunity clause of the Eleventh Amendment to the United States Constitution; and third, because a state agency is not a "person" within the meaning of 42 U.S.C. § 1983.  *Id.* at 4.

## II.  Standard of Review

The Court has discretion to grant a party leave to amend his pleadings.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); see Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"  *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).  However, "[t]he court may deny leave to amend where an amendment would be futile."  *Myers v. City of Loveland, Colo.*, No. 12-cv-02317-REB-KLM, 2013 WL 3381276, at *6 (D. Colo. July 8, 2013).  "An amendment would be futile if it would not survive a motion to dismiss."  *Innovatier, Inc. v. CardXX, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 148285, at *2 (D. Colo. Jan. 8, 2010) (citations omitted).

In determining whether a plaintiff's proposed amended complaint is likely to survive a motion to dismiss, "the court must construe the complaint in the light most favorable to [the] plaintiff, and the allegations in the complaint must be accepted as true."  *Myers*, 2013 WL 3381276, at *6 (citations omitted).  Under Fed. R. Civ. P. 12(b)(6), the purpose of a motion to dismiss is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for

"failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

### III.  Analysis

**A.  Factual Allegations**

First, addressing Plaintiff's request to allege additional facts in his Complaint [#1], the Court notes that Plaintiff's Motion was timely filed and Defendant does not object to the addition of new factual allegations. The Court also construes Plaintiff's filings "generously and with the leniency and deference due pro se litigants." *West v. Denver Cnty. Jail Warden*, No. 07-cv-00226-REB-KLM, 2008 WL 732600, at *1 (D. Colo. March 18, 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 127 (2007)). Defendant characterizes the new factual allegations as primarily, though not solely, provided to support the addition of the proposed defendants. *Response* [#41] at 1-2. While the Court agrees with this assessment, the Court also notes that the new factual allegations may provide additional support to Plaintiff's claims in his Complaint [#1]. Accordingly, Plaintiff's Motion is granted to the extent that the new allegations may support Plaintiff's current claims.

**B.  Joinder of Proposed Defendants**

Next, the Court addresses Plaintiff's request to join the proposed defendants. Plaintiff asserts that his due process rights were violated when the proposed defendants purportedly failed to return him to his job at CCCF's law library after Plaintiff was released

from segregation, in violation of A.R. 150-01 § IV.E.3.t.2. *Am. Compl.* [#36-1] ¶¶ 88, 95-98. Defendant maintains that the regulation does not apply. *Response* [#41] at 2. However, it is not necessary to determine whether the regulation applies or if the proposed defendants violated the regulation. Assuming, arguendo, that the regulation applies, the claim is futile.

Plaintiff may not bring a due process claim on the basis of A.R.150-01 § IV.E.3.t.2 because, even if a violation of the regulation occurred, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citation omitted). "The Constitution does not create a property or liberty interest in prison employment. Therefore, any such interest must be created by state law by language of an unmistakably mandatory character." *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (citations omitted). The regulation does not guarantee that an inmate's lost prison job will be restored; rather, the regulation states only that the CDOC "will attempt" to restore an inmate's lost job "to the greatest extent practicable." A.R. 150-01 § IV.E.3.t.2 (2014). Plaintiff does not assert any applicable state law that "unmistakably" recognizes a property or liberty interest in prison employment. Because a purported violation of an administrative regulation is, alone, insufficient to constitute a violation of a due process interest, Plaintiff has failed to allege a claim on which relief can be granted.

Plaintiff's Motion is also futile with respect to CDOC as the supervisor of the other proposed defendants. As noted above, "failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater*, 1 F.3d at 1068. Furthermore, "CDOC is an agency immune from suit under the doctrine of Eleventh Amendment immunity." *Wood*

*v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011). "Specifically, Eleventh Amendment immunity bars claims against individuals sued in their official capacities 'for money damages and relief for prior acts.'" *Carbajal v. Morrissey*, No. 12-cv-03231-REB-KLM, 2014 WL 1301532, at *14 (D. Colo. March 31, 2014) (citing *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir. 2008). Because Plaintiff requests monetary damages against the CDOC and does not seek injunctive relief in the form of restoration to his prior position at the CCCF law library, Plaintiff's claim is futile because the CDOC is immune from suit under the Eleventh Amendment. Because the Motion is futile on these grounds, it is unnecessary to discuss whether the CDOC is a "person" for purposes of a claim brought under 42 U.S.C. § 1983.

### IV. Conclusion

For the foregoing reasons, and considering that leave to amend should be freely given,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED in part** and **DENIED in part**. The Motion is **granted** to the extent that the proposed Amended Complaint alleges additional facts that may support Plaintiff's current claims in his Complaint [#1]. The Motion is **denied** to the extent the proposed Amended Complaint seeks to join Rodger Wilson, Marty Fleischacker, and the Colorado Department of Corrections as defendants.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiff's Amended Complaint [#36-1] for filing as of the date of this Order. Proposed defendants Rodger Wilson, Marty Fleischacker, and the Colorado Department of Corrections **shall not** be added as defendants in this matter.

DATED: November 7, 2014 at Denver, Colorado.

BY THE COURT:

*(signature)*

Kristen L. Mix
United States Magistrate Judge