IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00880-KLM

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

JOHN PALOMINO, in his individual and official capacities as former CCCF investigator,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Reconsideration of Order Dated 11/07/14** [#48][1] (the "Motion to Reconsider").[2] For the reasons set forth below, the Court **DENIES** the Motion to Reconsider [#48].

### I. Background

Plaintiff seeks reconsideration of the Court's Order [#43] on Plaintiff's Inquiry for Permission to File and Amended 42 U.S.C. § 1983 [#36] (the "Motion to Amend"). On August 21, 2014, Plaintiff filed a Motion for Joinder of Defendants [#35] (the "Motion for Joinder"). In the Motion for Joinder [#35], Plaintiff sought to join six defendants, in addition to Defendant John Palomino, to the lawsuit. On September 10, 2014, Defendant filed a

---

[1] "[#48]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[2] This case was assigned to the undersigned on April 25, 2014, for all purposes pursuant to the Court's Pilot Program and 28 U.S.C. § 636(c). [#13].

Response [#37] to Plaintiff's Motion for Joinder [#35]. In the Response [#37], Defendant noted that Plaintiff did not include a proposed amended complaint with the Motion for Joinder [#35]. Additionally, Defendant noted that, after filing the Motion for Joinder [#35], Plaintiff had filed a document that could be interpreted as a Motion to Amend [#36], along with a Proposed Amended Complaint [#36-1]. Defendant argued that Plaintiff's Motion for Joinder [#35] could therefore be denied either for failure to include a proposed amended complaint or as superseded by a later filing. In the alternative, Defendant argued that Plaintiff failed to provide good cause for adding the proposed new defendants.

On September 15, 2014, the Court entered a Minute Order [#39] adjudicating Plaintiff's Motion for Joinder [#35]. In the Minute Order [#39], the Court denied Plaintiff's Motion for Joinder [#35] as moot because the Motion for Joinder [#35] did not include a proposed amended complaint as a separate document. The Court also recognized Plaintiff's filings of [#36] and [#36-1] as an appropriate Motion to Amend and a Proposed Amended Complaint, respectively, and noted that an order on Plaintiff's amended request [#36] would issue in due course. On September 16, 2014, Plaintiff filed a Reply [#40] to Defendant's Response [#37]. However, because the Court had already entered the Minute Order [#39] adjudicating Plaintiff's underlying Motion for Joinder [#35] as moot, Plaintiff's Reply [#40] was also moot.

On November 7, 2014, the Court issued Order [#43] regarding Plaintiff's Motion to Amend [#36]. In the Order [#43], the Court noted that Defendant had filed a Response [#41] to Plaintiff's Motion to Amend [#36], but that Plaintiff had not filed a Reply to Defendant's Response [#41]. Although Plaintiff argues to the contrary, this depiction is accurate because, although Plaintiff filed a Reply [#40] in support of the Motion for Joinder

[#35], he did not file a Reply to the Motion to Amend [#36].

## II. Standard of Review

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## III. Analysis

Plaintiff does not argue that there has been an intervening change in the controlling law or that the Court should consider new, previously-unavailable evidence. Rather, he appears to argue that there is a need to correct clear error and prevent manifest injustice. However, Plaintiff provides no valid reason as to why the Court should reconsider its prior Order [#43], which granted in part and denied in part Plaintiff's Motion to Amend [#36]. In the instant Motion to Reconsider [#48], Plaintiff argues that the Court overlooked Plaintiff's Reply [#40], which stems from Plaintiff's Motion for Joinder [#35], as well as a letter, which the Plaintiff dated September 18, 2014, and was filed September 23, 2014 (the "Letter" [#42]). However, as noted previously, Plaintiff's Reply [#40] is moot because Plaintiff did not submit a proposed amended complaint with his underlying Motion for Joinder [#35]. Furthermore, Plaintiff's Letter [#42], to the extent that it serves as a reply to his Motion for

Joinder [#35], is moot for the same reason.

However, even were the Court to consider the arguments provided by Plaintiff in the Reply [#40] and the Letter [#42], the outcome reached by the Court on the Motion to Amend [#36] would not be altered. In the Motion to Reconsider [#48], Plaintiff provides several facts and explanations, including a substantially similar copy of his Reply [#40], to clarify his request to join additional defendants to his Complaint [#1]. *See Motion to Reconsider* [#48]. In reviewing Plaintiff's Motion to Reconsider [#48], and construing Plaintiff's filings "generously and with the leniency and deference due pro se litigants[,]" *West v. Denver Cnty. Jail Warden*, No. 07-cv-00226-REB-KLM, 2008 WL 732600, at *1 (D. Colo. March 18, 2008) (citations omitted), the Court concludes that Plaintiff's Reply [#40] and Letter [#42] would not affect the Court's prior Order [#43] denying Plaintiff's request to join additional defendants. As the Court previously noted, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citation omitted). *See Order* [#43] at 6. Plaintiff's Reply [#40] and Letter [#42] do not change Plaintiff's underlying allegation that Defendant violated Colorado Department of Corrections ("CDOC") Administrative Regulation ("A.R.") 150-01 § IV.E.3.t.2 by failing to restore Plaintiff to "all programs, privileges, and assignments" after Plaintiff was released from segregation. A.R. 150-01 § IV.E.3.t.2 (2014); *see generally Compl.* [#1]. Accordingly, because Plaintiff's Motion [#48] is premised on an allegation of an administrative violation, which does not constitute a constitutional violation, Plaintiff's Motion [#48] seeking reconsideration is **denied**.

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#48] is **DENIED**.

DATED: December 8, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge