IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00880-KLM

RONALD JENNINGS FOGLE,

    Plaintiff,

v.

JOHN PALOMINO, individually and in his official capacity as former CCF Investigator,

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Compel** [#72] (the "Motion"). Defendant filed a Response [#73] in opposition to the Motion. More than three months after his Response [#66] to Defendant's Motion for Summary Judgment was filed, Plaintiff seeks to compel Defendant to produce a complete copy of Plaintiff's deposition transcript. In the Response, Defendant succinctly assesses each basis for Plaintiff's argument and correctly ascertains that none compels Defendant either to pay the court reporter for a copy of the transcript on Plaintiff's behalf or to photocopy the transcript for Plaintiff and thereby deny the court reporter revenue for the transcript. *See Response* [#73] (discussing Fed. R. Civ. P. 32(b), 32(c), & 32(d), 30(f)(2)(A), 31, 34, & 37(a)(3)(A) and Fed. R. Evid. 106). Further, Defendant provides legal authority in support of its position that Defendant should not be compelled to provide Plaintiff with a copy of his own deposition transcript:

> Before the Court is Plaintiff's motion requesting that the Defendants provide him with a copy of his deposition transcript (Docket #117). Federal courts have held that even an indigent, imprisoned litigant must bear his own costs of litigation. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) (no statutory authority for payment of costs of deposition transcript for indigent). Imposing a financial burden on one party just because the opposing party is indigent or lacks funds with which to pay is fundamentally unfair. *See Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997) (court cannot compel opposing party to provide deposition transcript to indigent defendant; 'plaintiff's obligation, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants'). As demonstrated by the Defendants, the facts in this case mirror that of the deposition transcript request made in *Riviera*, a case in which the court denied the request. The

> information from the deposition is within the Plaintiff's personal knowledge and Plaintiff could have maintained notes during the deposition.
>
> Additionally, the Court is aware that the standard practice of the industry is that copies of deposition transcripts may only be obtained through the court reporter who transcribed the deposition. This practice ensures that the court reporter is compensated for their work. Plaintiff, as the individual seeking the transcript copies, has not demonstrated that the situation with regard to his deposition differs from the standard practice. Accordingly, it would be improper for the Court to require the Defendants to provide the Plaintiff with a copy of the deposition transcript. Plaintiff should contact the court reporter to make arrangements, financial and otherwise, for receipt of a copy of the transcript.

*Goodloe v. City & Cnty. of Denver*, No. 05-cv-02522-EWN-MEH, 2007 U.S. Dist. LEXIS 9838, *1-3 (D. Colo. Feb. 12, 2007) (also attached as Exhibit 1 [#73-1] to Defendant's Response [#73]).

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#72] is **DENIED**.

Dated:  July 29, 2015